

# In the United States Court of Federal Claims

No. 16-235C
Filed June 16, 2016
NOT FOR PUBLICATION

**FILED**

JUN 1 6 2016

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| GRANVILLE SCRUGGS, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) *Pro Se*; Rule 12(b)(1), Subject-Matter Jurisdiction; *In Forma Pauperis*; 28 U.S.C § 1500. |
| THE UNITED STATES, | ) |
| Defendant. | ) ) ) |

*Granville Scruggs, II*, Olive Branch, MS, Plaintiff *pro se*.

*Vito S. Solitro*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I. INTRODUCTION

Plaintiff *pro se*, Granville Scruggs, II, brought this action seeking to recover $960,474 in monetary damages for an alleged violation of federal regulations regarding the submission and redemption of mutilated currency by the United States Department of Treasury, Bureau of Engraving and Printing. The government has moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). In addition, plaintiff has filed motions for summary judgment and for "emergency consideration." Plaintiff has also moved to proceed in this matter *in forma pauperis*. For the reasons set forth below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **DENIES** plaintiff's motions for emergency consideration and for summary judgment as moot; and (3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, Granville Scruggs, II, commenced this action on February 17, 2016. *See generally* Compl. In the complaint, plaintiff alleges that the United States Department of Treasury, Bureau of Engraving and Printing ("BEP") failed to redeem $960,474 in mutilated currency that plaintiff submitted to the BEP on July 16, 2014, September 29, 2014, and December 12, 2014, respectfully. *Id.* at 1. Plaintiff further alleges that, by failing to redeem the mutilated currency, the BEP violated the federal regulations governing the submission and redemption of mutilated currency. *Id.* at 3; 31 C.F.R. § 100.7.

Prior to commencing this action, plaintiff filed a case seeking compensation from the United States for failing to redeem his mutilated currency in the Superior Court of the District of Columbia. *Scruggs v. Bureau of Engraving & Printing*, No. CA 15-008702, Compl. (D.C. Super. Ct., Nov. 10, 2015). The government removed that case to the United States District Court for the District of Columbia on December 18, 2015. *Scruggs v. Bureau of Engraving & Printing*, No. 15-CV-2205 (Notice of Removal D.D.C. Dec. 18, 2015). In that case, plaintiff alleges that the BEP failed to compensate him after he submitted $960,474 in mutilated currency for redemption on July 16, 2014, September 29, 2014, and December 12, 2014, respectively. *Id.* Plaintiff's district court case was pending at the time that he filed his complaint in this matter. *Id.*

### B. Procedural Background

Plaintiff filed the complaint in this matter on February 17, 2016, along with a motion for leave to proceed *in forma pauperis*. *See generally* Compl.; Pl. Mot. to Proceed *In Forma Pauperis*. On March 15, 2016, plaintiff filed a motion for emergency consideration seeking expedited disposition of this action. *See generally* Pl. Mot. for Emerg. Consid. On April 1, 2016, the government filed an opposition to plaintiff's motion for emergency consideration, as

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl."); plaintiff's motion for emergency consideration ("Pl. Mot. for Emerg. Consid."); the government's opposition to plaintiff's motion of emergency consideration (Def. Resp. to Mot. for Emerg. Consid."); the government's motion to dismiss ("Def. Mot."); plaintiff's response ("Pl. Resp."); the government's reply ("Def. Reply"); and plaintiff's motion for summary judgment ("Pl. Mot. for Summary Judg.").

2

well as a motion to dismiss the complaint for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Resp. to Mot. for Emerg. Consid.; Def. Mot. On April 22, 2016, plaintiff filed a document styled as "Plaintiffs' Declaration or Motion for Judgment on Pleadings and Exhibits," which the Court construes to be plaintiff's response to the government's motion to dismiss. *See generally* Pl. Resp. On May 9, 2016, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply. On May 20, 2016, plaintiff filed a motion for summary judgment, pursuant to RCFC 56, again seeking expedited disposition of his claim. *See generally* Pl. Mot. for Summary Judg. The government's motion to dismiss having been fully briefed, the Court addresses the pending motion.

### III. STANDARDS OF REVIEW

#### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers."); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014).

But, there "is no duty on the part of the trial court to create a claim which [plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; citations omitted). And so, while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). Given this, the Court may excuse ambiguities, but not defects, in the complaint. *See Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with

respect to mere formalities does not relieve them of jurisdictional requirements.") (citation omitted).

### B. Jurisdiction, RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005)). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 219 (1983)).

### C.   28 U.S.C. § 1500

Pursuant to title 28, United States Code, section 1500, the United States Court of Federal Claims does not possess jurisdiction to consider a claim "if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 311 (2011). "[T]he purpose of [section] 1500 is to prevent the United States from facing liability involving the same subject matter at the same time in separate fora." *Nextec Applications, Inc. v. United States*, 114 Fed. Cl. 532, 538 (2014). To determine whether section 1500 applies to two suits brought by the same plaintiff, the Court must determine whether: (1) there is an earlier-filed suit pending in another court, and if so, (2) whether the claims alleged in the earlier-filed suit are "for or in respect to" the same claims now being brought in the United States Court of Federal Claims. *See Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013). An earlier-filed suit is considered "pending" within the meaning of section 1500 based upon the time the complaint is filed with the United States Court of Federal Claims. *Brandt*, 710 F.3d at 1375. In addition, two claims are "for or in respect to the same claim" under section 1500 "if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Tohono*, 563 U.S. at 317. If section 1500 applies, the Court must dismiss the case for lack of jurisdiction. *Id.*

### IV.   DISCUSSION

#### A.   The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claim

This Court may not entertain plaintiff's claim that the BEP has violated the federal regulations regarding the submission and redemption of his mutilated currency, because plaintiff had another case with the same operative facts pending in a district court at the time that he commenced this action. Title 28, United States Code, section 1500, provides that this Court does not possess jurisdiction to consider a claim "if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *Tohono*, 563 U.S. at 311; *see also* 28 U.S.C. § 1500. To determine whether section 1500 applies to plaintiff's claim here, the Court must determine whether: (1) there is an earlier-filed suit pending in another court, and, if so, (2) whether the claims alleged in the earlier-filed suit are "for or in respect to" the same claims now being brought in the United States Court of Federal Claims. *See Brandt*, 710 F.3d at 1374.

As an initial matter, at the time plaintiff commenced this action plaintiff had an earlier-filed suit pending in another court. *Scruggs v. Bureau of Engraving & Printing*, No. 15-CV-2205, (Notice of Removal D.D.C. Dec. 18, 2015). On November 10, 2015, plaintiff filed a case seeking compensation from the United States for an alleged failure to redeem plaintiff's mutilated currency in the Superior Court of the District of Columbia. *Scruggs v. Bureau of Engraving & Printing*, No. CA 15-008702, Compl. (D.C. Super. Ct., Nov. 10, 2015). The government removed this case to the United States District Court for the District of Columbia on December 18, 2015. *Scruggs v. Bureau of Engraving & Printing*, No. 15-CV-2205, (Notice of Removal D.D.C. Dec. 18, 2015). It is without dispute that plaintiff's district court case was pending in the district court when he filed the complaint in this matter on February 17, 2016. *Id*; *see generally* Def. Mot.; *Brandt*, 710 F.3d at 1375 (an earlier-filed suit is considered "pending" within the meaning of [section] 1500 based upon the time the complaint is filed with the Court). And so, plaintiff had an earlier-filed suit pending when he commenced this action.[2]

In addition, plaintiff's claim in this matter arises from the same set of operative facts as the claim in his earlier-filed case pending in the United States District Court for the District of Columbia. In both cases, plaintiff alleges that he submitted $960,474 in mutilated currency to the BEP, and that the BEP unlawfully failed to redeem this currency. *Compare* Compl. at 1 ("I . . . have a claim against the Defendant [because] . . . I mailed a total of 54 lbs of mutilated Unites States currency that was received by Defendant's agency the United States Bureau of Engraving and Printing on 07/16/14, 09/29/14, and 12/12/14 estimated at $960,474.00 USD."), *with Scruggs v. Bureau of Engraving & Printing*, No. CA 15-008702, Compl. at 1 (D.C. Super. Ct., Nov. 10, 2015) ("The Defendant will not respond to request for service regarding three mutilated currency submissions, received on 07/16/14, 09/29/14, and 12/12/14 . . . [t]he total amount of [which] was estimated at $960,474.00 USD."). Given this, the claim in plaintiff's district court case is "for or in respect to" the same claim now being brought here. *Tohono*, 563 U.S. at 317

---

[2] Plaintiff makes a number of arguments as to why his district court case should not preclude pursuing a claim in this Court. But, plaintiff's arguments are not relevant to whether section 1500 precludes this Court from entertaining this case. 28 U.S.C. § 1500; *see, e.g., Sanders v. United States*, 34 Fed. Cl. 38, 45 (1995) (finding that a plaintiff's action in the Court of Federal Claims was barred by section 1500 because plaintiff had an earlier pending action, which was initially filed in Colorado state court and subsequently removed to federal court).

(two claims are "for or in respect to the same claim" under section 1500 "if they are based on substantially the same operative facts, regardless of the relief sought in each suit."). And so, plaintiff's claim is jurisdictionally precluded under section 1500 and the Court must dismiss this claim. RCFC 12(b)(1); 28 U.S.C. § 1500.

### B. Plaintiff's Motions For Emergency Consideration And For Summary Judgment Are Moot

Plaintiff has also filed two motions seeking various relief in this matter. On March 15, 2016, plaintiff filed a motion for emergency consideration, seeking an expedited disposition of this matter. *See generally* Pl. Mot. for Emerg. Consid. On May 20, 2016, plaintiff filed a motion for summary judgment. *See generally* Pl. Mot. for Summary Judg. Because the Court has determined that dismissal of this matter upon jurisdictional grounds is warranted, the Court must deny plaintiff's motions for emergency consideration and for summary judgment as moot. *See, e.g.*, *Wojtczak v. United States*, No. 12-449C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because . . . plaintiff has not raised allegations over which this court has jurisdiction, the court denies these motions as moot."); *Clifford v. United States*, No. 10-774C, 2011 WL 5508980, at *1 (Fed. Cl. Nov. 8, 2011).

### C. Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* Satisfies The Statutory Requirement

Lastly, plaintiff has filed a motion to proceed *in forma pauperis* and seeks a waiver of the Court's filing fee. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the requirements to proceed *in forma pauperis* for the purpose of resolving the jurisdictional issues raised by the complaint. And so, the Court grants plaintiff's motion to proceed *in forma pauperis* for this purpose.

## V. CONCLUSION

In sum, plaintiff has not established that the Court possesses jurisdiction to consider his claim that he is entitled to monetary damages because the BEP violated the federal regulations governing the submission and redemption of mutilated currency. At the time plaintiff commenced this action, he had an earlier-filed case based upon the same claim in the United Stated District Court for the District of Columbia. And so, plaintiff's claim is jurisdictionally precluded under 28 U.S.C. § 1500, and the Court must dismiss the complaint.

Because the Court has determined that the complaint must be dismissed for lack of subject-matter jurisdiction, the Court also dismisses plaintiff's motions for emergency consideration and for summary judgment, as moot.

Finally, because of plaintiff's *pro se* status—and plaintiff's representation that he is unable to pay the Court's filing fee—plaintiff may proceed in this matter *in forma pauperis* for the limited purpose of resolving the jurisdictional issues raised by the complaint.

And so, for the foregoing reasons, the Court:

(1) **GRANTS** the government's motion to dismiss;

(2) **DENIES** as moot plaintiff's motions for emergency consideration and for summary judgment; and

(3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government **DISMISSING** the complaint.

No Costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge